UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-86 (DSD/JSM)

United States of America,

    Plaintiff,

v.                                                              **ORDER**

(1) Mark Allen Hammerschmidt
and (2) Ornella Angelina Hammerschmidt,

    Defendants.

This matter is before the court upon the motion by the government to revoke release. Based on the evidence presented at the hearing and the arguments of counsel, the court granted in part and denied in part the government's motion with this written order to follow.

**BACKGROUND**

On March 18, 2015, defendants Mark Arlen Hammerschmidt and Ornella Angelina Hammerschmidt were indicted on charges of tax fraud. On March 20, 2015, Magistrate Judge Becky R. Thorson issued orders setting the conditions of release for both defendants. Among other conditions, Mr. Hammerschmidt was "prohibited from any assistance or involvement in the preparation of tax returns for any other person." ECF No. 8, at 4. Mrs. Hammerschmidt likewise was "prohibited from having any involvement in preparing tax returns for any other person." ECF No. 11, at 4. The orders also state

that defendants "must not violate any federal, state, or local law while on release." ECF No. 8, at 1; ECF No. 11, at 1.

On November 16, 2015, Mrs. Hammerschmidt pleaded guilty to making a false claim for a refund against the United States, in violation of 18 U.S.C. § 287. The same day, Mr. Hammerschmidt pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. The court ordered that both defendants continue on bond pending sentencing under the same conditions previously imposed by Magistrate Judge Thorson.

In February 2016, the government received information that the Hammerschmidt's were engaged in activity prohibited by the orders. Specifically, the government learned that the Hammerschmidts were actively participating in the preparation of tax returns for clients of their business, Pro-Tax Rx. Based on this information, the government sent an undercover agent into the Pro-Tax office on February 25, 2016, to seek assistance with tax preparation. The undercover agent recorded the appointment on video. According to the government, the investigation confirmed that the Hammerschmidts were violating the conditions of their release. The government then filed the instant motion.[1] On April 18, 2016, defendants made an initial appearance and the court held an evidentiary hearing. After hearing the evidence, the arguments of counsel, and

---

[1] The government requested that both defendants be arrested pending the court's decision on the motion. The court issued a bench warrant on April 14, 2016, and both defendants were taken into custody.

statements by defendants, the court granted in part and denied in part the motion from the bench. In so ruling, the court relied on the factors set forth in 18 U.S.C. §§ 3148 and 3142(g). The court provides further analysis for its decision here.

**DISCUSSION**

A court may revoke a defendant's pretrial release if there is "probable cause to believe that the person has committed a federal, state or local crime while on release; or clear and convincing evidence that the person has violated any ... condition of release" and "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148. In determining whether such conditions exist, the court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] and (4) the nature and seriousness of the danger to any person or the community posed by

---

[2] Considerations include the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

3

the defendant's release. See id. § 3142(g).

**I.  Mark Arlen Hammerschmidt**

During the lengthy evidentiary hearing, the government proffered clear and convincing evidence that Mr. Hammerschmidt violated the conditions of his release by assisting in the preparation of taxes for a Pro-Tax client. Specifically, the video recording of the undercover investigation shows Mr. Hammerschmidt advising a client regarding her tax refund as follows:

MH:[3] Did you pay for any advertising?

UM:  No.

MH:  She brought a list of repairs.  And then she probably knows it, but anything that she buys for the apartment whether it's a refrigerator or whatever, write that down throughout the year, because it's (inaudible) anything she thinks of something.  Whether she does roofing, whatever she does to it, even if she paints it, we write it off.

UM:  Okay.

MH:  So I know she brought a list in already.  I just wanted to make sure that we aren't missing anything.

UM:  Yeah, she does have more expenses but she wants to know how much refund she will be getting if she feels she can

---

[3]  "MH" refers to Mark Hammerschmidt and "UM" refers to the unidentified male, who accompanied the client to Pro-Tax.  "UF" refers to the unidentified female client.

        put more expense she has.

MH:    Ok.  She has a refund now.  It's over 1062 right now.

UM:    Total?

UF:    Federal.

MH:    Plus expenses.  Yeah, based on what she said. (Inaudible)

ECF No. 106, Ex. A at 10:13-11:12.

Mr. Hammerschmidt does not deny that he so advised the client, but argues that he was providing advice regarding bookkeeping, which is not a prohibited activity.  Based on a plain review of the conversation, the court disagrees.  Mr. Hammerschmidt's advice was obviously directed to tax-related matters and not to simple bookkeeping.  As a result, the court concludes that Mr. Hammerschmidt violated the condition of his release which broadly prohibits him from "any assistance or involvement in the preparation of tax returns for any other person."

In light of Mr. Hammerschmidt's violation, the court finds that, on balance, that the factors set forth in § 3142(g) support continued release under significant restrictions.  Although the court does not find Mr. Hammerschmidt to be a flight risk, the court is concerned that he is a danger to society in that he may engage in similar prohibited conduct if he remains on bond.[4]  There are additional conditions of release that the court can impose to

---

[4] Danger to society may include economic harm.  See United States v. Walker, No. 13-mj-544, Docket No. 13, at 12-14.

prevent such conduct. Specifically, the court orders Mr. Hammerschmidt to home confinement with location monitoring, as set forth in more detail below. The court also orders Mr. Hammerschmidt to abide by the previously imposed conditions of release, with the additional requirement that he refrain from engaging in any Pro-Tax business or any other tax-related business.

## II.   Ornella Angelina Hammerschmidt

The government also presented clear and convincing evidence that Mrs. Hammerschmidt violated the conditions of her release by being involved in the preparation of tax returns for the undercover agent.[5] The video shows Mrs. Hammerschmidt working with Mr. Nuccio to secure a tax refund for the undercover agent. Although Mr. Nuccio was the primary person advising the undercover agent, Mrs. Hammerschmidt spoke with her several times during the appointment. Most notably, Mr. Nuccio requested Mrs. Hammerschmidt's advice when it appeared that the undercover agent would only receive a refund of one dollar:

---

[5]   The evidence also established probable cause that Mrs. Hammerschmidt may have engaged in tax fraud by assisting her brother, Antonino Nuccio, in securing a fraudulent Earned Income Credit (EIC) for the undercover agent. ECF No. 106, Ex. A at 11:16-13:13, 17:21-24. Indeed, all witnesses, including those called on behalf of Mrs. Hammerschmidt, agreed that the advice given by Mr. Nuccio, with guidance from Mrs. Hammerschmidt, constituted tax fraud. Although the court does not rest its decision on this determination, it does affect the court's analysis with respect to whether Mrs. Hammerschmidt's violation warrants detention.

AN:[6] Ornella, I have never seen this before. Come here. A dollar?

OH: She's going to get a dollar for a refund?

AN: I have never seen that before.

UCA: I'm going to get a dollar? I'm going to get a dollar?

AN: I didn't check that right or what?

OH: No, you are doing something wrong. Maybe you only put a dollar on withholding.

AN: That's not right. I know that's not right.

UCA: I'll keep a dollar.

OH: Don't worry.

UCA: I can't go to Tipico's with a dollar.

OH: Okay, go down. You click the EIC? Keep scrolling.

AN: That's not right. Oh, she didn't have any EIC or dependents.

OH: Yeah, because she's on her own.

AN: Oh, I didn't click the EIC, maybe that's what. Does she qualify for –

OH: You need to go over the interview. She had two W-2's or just one? Where did you work?

UCA: No, I only worked in one place.

OH: Where did you work?

UCA: JB Enterprises.

---

[6] "AN" refers to Antonino Nuccio, "OH" refers to Ornella Hammerschmidt, and "UCA" refers to undercover agent.

    OH:    Okay.  Do you – what are you doing there?

    UCA:   I clean offices.

    OH:    Their offices?

    UCA:   No, no, like the banks and all of the – after they close.

    OH:    Do you have to drive different places or just one?

    UCA:   No, they pick me up.

    OH:    Oh, they pick you up, okay.  So you can – because in the clean business you normally do a Schedule A like the deductions of work or not, like medical bills, car registration.

ECF No. 106, Ex. A at 11:16-13:10.  This excerpt plainly shows Mrs. Hammerschmidt's involvement in the preparation of a tax return for another person.

Mrs. Hammerschmidt called two witnesses to counter this evidence.  Neither witness's testimony was sufficient to undermine the government's evidence.  The first witness, Cristian Cirstea, testified that he did not observe Mrs. Hammerschmidt engaging in the preparation of tax returns.  He also testified, however, that he only was in the office two or three days per week during the relevant period.  He was not present When Mrs. Hammerschmidt assisted in preparing the undercover agent's tax return.  Mr. Cirstea also admitted that he was unaware that Mrs. Hammerschmidt had pleaded guilty to tax fraud and that she was legally prohibited from engaging in any aspect of tax preparation.  As such, Mr.

Cirstea's testimony did not support Mrs. Hammerschmidt's position. The government impeached Mrs. Hammerschmidt's second witness and the court discounted her testimony entirely.  As a result, the court concludes that Mrs. Hammerschmidt violated the condition of her release which broadly prohibits her from "any involvement in the preparation of tax returns for any other person."

In contrast to Mr. Hammerschmidt's conduct, the court finds that Mrs. Hammerschmidt's egregious violation of her conditions of release and her involvement in advising the undercover agent to file a fraudulent tax return support a determination that her release must be revoked.  The court is convinced that she poses an economic danger to society and that she is unlikely to abide by any condition or combination of conditions of release.  Accordingly, the court revokes Mrs. Hammerschmidt's release and orders her to be detained pending sentencing.

**CONCLUSION**

Accordingly, based on the above and the court's ruling at the evidentiary hearing, **IT IS HEREBY ORDERED** that:

1. The motion to revoke release [ECF No. 106] is granted in part and denied in part.
2. Defendant Mark Arlen Hammerschmidt's conditions of release are modified as follows:

    (a) Defendant shall be placed on location monitoring with

      Global Positioning Satellite (GPS) and shall comply with all requirements as directed by the probation officer;

      (b) Defendant Mark Arlen Hammerschmidt is restricted to 24-hour-a-day lockdown at his residence except for medical necessities and court appearances or other activities specifically approved by the probation officer; and

      (c) Defendant Mark Arlen Hammerschmidt shall refrain from any direct or indirect activity in or relating to his Pro-Tax franchise and is prohibited from engaging in any other tax, bookkeeping, or payroll business.

3. All other previously imposed conditions of Defendant Mark Arlen Hammerschmidt's release remain in full effect.

4. Defendant Ornella Angelina Hammerschmidt's release is revoked and she shall remain in custody pending sentencing.

Dated:  April 19, 2016.

                                <u>s/David S. Doty</u>
                                David S. Doty, Judge
                                United States District Court